Summers, J.
The city of Toledo levied upon the lots of the plaintiffs, fronting on Millard avenue, three assessments for improvements. The first assessment was made in the year 1900 for a district sewer; the second in the year 1901 for a local sewer, and the third in the year 1905 for the paving of Millard avenue, under proceedings commenced in the year 1903.
The plaintiffs brought suit to enjoin the collection of the'assessment for paving. ' The ground of the first cause of action' was, that the assessment *446 was in excess of the limitation prescribed by Section 53 of the municipal code of 1902 [Section 1536-213, Revised Statutes], as it was prior to the amendment of April 21, 1904, 97 O. L., 126.
The court of common pleas sustained a general demurrer to the first cause of action, and on error its judgment was affirmed by the circuit court.
Section 53 of the municipal code, prior to its amendment in 1904, contained the following provision: “In all cases of assessment the council shall limit the same to the special benefits conferred upon the property assessed, and in no case shall there be levied upon any lot or parcel of land in the corporation any assessment or assessments for any and all purposes, within a period of five years, exceeding thirty-three per cent, of the tax value thereof.”
Counsel for the city contend that only assessments made after the enactment of Section 53 are comprised in the limitation, or, to express- it differently, for the sake of clearness, that assessments made prior to that enactment are not to be added to assessments subsequently made, in ascertaining whether the limitation has been exceeded, and that to include prior assessments would be to give the statute a retroactive operation; while counsel for the plaintiffs contends that there is nothing in the statute to indicate that the legislature intended the prior assessments to be excluded in making the computation, and that the statute has a prospective operation when only assessments made subsequent to the enactment are enjoined.
In Rairden and Burnet v. Holden, Admr., etc., 15 Ohio St., 207-210, Brinkerhoff, C. J., says: “The words ‘retrospective’ and ‘retroactive’ as applied to laws, seem to be synonymous; and, as such, *447 they are used interchangeably by Mr. Sedgwick in his treatise on constitutional law,” and he quotes with approval from The Society v. Wheeler, 2 Gallison’s R., 139, Mr. Justice Story’s definition of a retrospective law: “ ‘Upon principle every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.’ ” And in Goodale v. Fennell, 27 Ohio St., 426, it is held that the duty imposed upon the general assembly by Article XIII, Section 6, of the constitution to restrict the power of assessment by municipal corporations is subject to the limitations imposed by Article II, Section 28, of the constitution, which declares the general assembly shall pass no retrospective law or laws impairing the obligation of contracts.
The power to make an assessment for the improvement of this street is given by the same act that limited the amount of the assessment, and the extent of the power is measured by the limitation; and so long as assessments made prior to the passage of that statute are not affected, but only considered in applying the limitation to assessments subsequently made, no vested right is taken away or impaired, nor a new obligation created, nor a new duty imposed, nor a new disability attached in respect to transactions or considerations already passed.
The question is, what was the intention of the legislature ?
Article XTII, Section 6, of the constitution, makes it the duty of the general assembly to restrict *448 the power of assessment of municipal corporations so as to prevent the abuse of the power, and Section 1536-280; Revised Statutes, was expressly continued in force by Section 94 of the municipal code, and provides that proceedings with respect to improvements shall be strictly construed in favor of the owner of property assessed as to the limitations on assessments. And in City of Cincinnati v. Connor, 55 Ohio St., 82-91, it is said by Williams, C. J., that: “The rule generally prevails that, independent of any legislative requirement on the subject, statutes imposing taxes and public burdens of that nature are to be strictly construed; and where there is ambiguity which raises a doubt as to the legislative intent, that doubt must be resolved in favor of the subject or citizen on whom the burden is sought to be imposed.”
At the time the municipal- code of 1902 was enacted there were -various statutes limiting the amount of assessments. As to Toledo it was provided, in substance, by Sections 2271 and 2272, Revised Statutes, that the assessment for any improvement should not exceed twenty-five per centum of the fair market value of the lot after the improvement was made, unless it had been petitioned for by the lot owner. Section 2283, Revised Statutes, provided that assessments should be so restricted that the same territory should not be assessed for making two different streets, within a period of five years, in such amounts that the-maximum assessment would thereby be exceeded. As to sewers,. Section 2384, Revised Statutes, provided that in no case should the assessment exceed two dollars per foot front on the property assessed, and in the City of Cincinnati v. Connor, supra, it was *449 held that such. assessments were suDject, not only to this limitation, but also to the limitation of twenty-five per cent, prescribed in Section 2271.
In view of the constitutional mandate, the rule of construction prescribed by the statute, of the previous decisions of this court, and of the statutes referred to, it would be unreasonable to conclude that the general assembly, in the absence of an express declaration, intended to exclude from the computation assessments made prior to the enactment of Section 53. The exaction from a lot owner of an assessment equal to one-third of the value of his property, for an improvement which he may' not wish and cannot afford, even though an equivalent special benefit results, is a heavy burden, and the general assembly wisely has provided that it shall not be exceeded and that he shall have five years in which to lighten the load before additional-burdens may be imposed. No reason is suggested why an exception should be made of those unfortunates who already were bearing the full burden when Section 53 was enacted, and if the statute is to be so interpreted thén a similar misfortune must follow every repeal and amendment of the section.-
The City of Tiffin et al. v. Griffith et al., 74 Ohio St., 219, is cited as supporting the judgment of the lower court. The section of the code under consideration in that case provided “that no * * * municipal corporation shall hereafter create or assume an aggregate indebtedness,” and the word “hereafter” was supposed to indicate a different intention on the part of the general assembly.
The municipal code was enacted to get rid of special laws, and to provide for the uniform opera-' tion of general laws, and in the accomplishment of *450 that purpose, all special limitations ot assessments were merged in this general provision, and the rule of construction applied in Bear Lake & River Waterworks & Irrigation Co. v. Garland, 164 U. S., 1, that “A new statute should be construed as a continuation of the old one with the modifications contained in the new one, although -it formally repeals the old statute, when it re-enacts its substantial . provisions and the two statutes are almost identical,” should be applied here.
The judgments upon the demurrer are reversed.'

Judgments reversed.

Crew, C. J., Spear, Davis, Sitauck and Price, JJ., concur.